UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KEVIN KUNTZ, *et al.*, | ) | CASE NO. 5:16CV1899 |
| Plaintiffs, | ) ) | JUDGE JOHN R. ADAMS |
| vs. | ) ) ) | **ORDER AND DECISION** |
| PRUDENTIAL LIFE INSURANCE COMPANY OF AMERICA, | ) ) ) | (Resolving Doc. 6) |
| Defendant. | ) ) | |

This matter is before the Court on a motion to dismiss pursuant to Fed.R.Civ.P. 12 (b)(6) filed by Defendant Prudential Life Insurance Company of America. Doc. 6. Plaintiffs Kevin Kuntz and Amy Tracy have filed a brief opposing the motion. After reviewing the Complaint in a light most favorable to the Plaintiffs, the Court finds that the Plaintiffs' claims are preempted by ERISA and that they have failed to exhaust their administrative remedies. Defendant is entitled to judgment on the pleadings on all claims. As such, this Court hereby GRANTS Defendant's motion to dismiss without prejudice.

I. FACTS

The facts in this case as presented in the Complaint are undisputed. Plaintiffs are the son and daughter of Stanley Kuntz, now deceased. Doc. 1. Prior to his death, Mr. Kuntz worked for Weirton Steel Corporation, which is now part of Arcelor Mittel. Doc. 1. Mr. Kuntz worked until 2008, when he retired, and he then opted to keep Group Life Insurance coverage with the Defendant, policy #G-35355, as part of his continuing benefits from his employer. Doc. 1. The face value of the policy is $10,000, and Plaintiffs' were designated as his beneficiaries.

On October 14, 2015, Plaintiff Kevin Kuntz notified the Defendant that Mr. Kuntz had passed away. Plaintiffs then submitted a claim under a different policy – policy #R5219597 –

and the Defendant paid them for the claim they submitted under this policy. However, Plaintiffs do not dispute that they did not submit a claim form for policy #G-35355. Docs. 1 and 9. In response to Plaintiffs' inquiry, Defendant later sent a letter stating:

> Your correspondence addressed to Prudential was received in the Group Life Claim area. We have researched our claim system and are unable to find a Group Life claim for the above named individual [Stanley Kuntz]. In addition, Prudential does not maintain eligibility or enrollment records and therefore must rely on the employer to determine the initial eligibility to the employee, including coverage amount. If you believe the above named person had Group Term Life Insurance coverage we suggest you contact the (former) employer to request a claim be submitted. The benefits office must verify coverage. Once the death claim is submitted, the claim would be evaluated to determine if benefits are payable.

Doc. 1-2 at 11. Plaintiffs did not follow up with Mr. Kuntz's former employer or submit a claim form. Instead, they filed the underlying action in state court alleging: 1) intentional interference with expectancy of inheritance; 2) breach of contract; 3) promissory estoppel; 4) unjust enrichment; 5) breach of good faith and fair dealing; and 6) declaratory judgment. Defendant filed a motion to dismiss under Fed.R.Civ.P. 12(b)(6) alleging preemption by ERISA and failure to exhaust administrative remedies. Doc. 6.

## II. LEGAL STANDARD AND ANALYSIS

> When evaluating a motion to dismiss pursuant to rule 12(b)(6), the factual allegations in the complaint must be regarded as true. *Walker Process Equipment, Inc. v. Food Machinery & Chemical Corp.,* 382 U.S. 172, 174–75, 86 S.Ct. 347, 348–49, 15 L.Ed.2d 247 (1965). The claim should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957).

*Windsor v. The Tennessean,* 719 F.2d 155, 158 (6th Cir.1983). A motion to dismiss under Fed.R.Civ.P. 12(b)(6) is designed to test the sufficiency of the complaint. *Riverview Health Institute LLC v. Medical Mutual of Ohio, 601 F.3d 505, 512 (6th Cir.2010)*. When ruling on a motion to dismiss under Rule 12(b)(6), the Court must construe the Complaint in a light most

2

favorable to the non-moving party. *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, but a court "need not accept as true legal conclusions or unwarranted factual inferences." *Mixon v. Ohio,* 193 F.3d 389, 400 (6th Cir.1999). "[M]atters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint[ ] also may be taken into account." *Amini v. Oberlin Coll.,* 259 F.3d 493, 502 (6th Cir.2001) (quoting *Nieman v. NLO, Inc.,* 108 F.3d 1546, 1554 (6th Cir.1997)) (emphasis omitted).

### A. Preemption under ERISA

In their brief in opposition to the motion to dismiss, the Plaintiffs acknowledge that this matter involves an employee-related life insurance plan. Therefore, they stipulate that their state-law claims are preempted by ERISA. The Court agrees and finds that this matter is governed by ERISA.

### B. Exhaustion of administrative remedies

In their brief in opposition to dismissal, Plaintiffs also acknowledge that the Sixth Circuit Court of Appeals has read into ERISA a requirement that plaintiffs exhaust their administrative remedies prior to filing a lawsuit. Doc. 9 at 4 (*citing Costantino v. TRW Inc.*, 13 F.3d 969 (6th Cir. 1994)). Here, Plaintiffs admit they did not exhaust their administrative remedies by returning to Mr. Kuntz's employer and filing a claim for benefits under policy #G-35355. However, they argue dismissal is not warranted because returning to exhaust their remedies would be futile. Doc. 9.

"Traditional exhaustion principles, however, include an exception for instances 'when resort[ing] to the administrative route is futile or the remedy inadequate.'" *Costantino v. TRW, Inc.*, 13 F.3d 969, 974 (6th Cir. 1994) (*citing Amato v. Bernard,* 618 F.2d 559, 568 (9th

Cir.1980) (quoting *Winterberger v. General Teamsters Auto Truck Drivers & Helpers Local Union 162,* 558 F.2d 923, 925 (9th Cir.1977). Plaintiffs argue that exhausting their administrative remedies would be futile because the Defendant has already stated that it could not find a claim for policy #G-35355. Plaintiffs interpret this letter to mean that the Defendant "cannot find the policy which Kevin and Amy are beneficiaries of [sic]." Doc. 9 at 6. Therefore, returning to exhaust their remedies would only lead to the same outcome.

Plaintiffs' interpretation of the letter is contrary to its plain language. Instead, the letter states that the Defendant could not find a "Group Life claim" for policy #G-35355. No claim was found because, admittedly, the Plaintiffs' did not submit a claim. If the Plaintiffs were to return to Mr. Kuntz's employer, submit a claim, and engage in the process as outlined in the letter, the Defendant may pay the claim for policy #G-35355 – which in turn would resolve all issues. As such, the exhaustion of administrative remedies would not be futile, and the Plaintiffs' Complaint should be dismissed without prejudice.

### III.  CONCLUSION

Reviewing the pleadings in a light most favorable to the Plaintiffs, they cannot state a claim for which relief can be granted. Defendant's motion to dismiss is hereby GRANTED, and the case is DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED.


DATE:  March 29, 2017                          */s/ John R. Adams*_____
                                                Judge John R. Adams
                                                UNITED STATES DISTRICT COURT